_____ FILED _____ LODGED
_____ RECEIVED

SEP 19 2017

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

PRESTON S. SMITH,

Plaintiff,

v.

RICHARD V. SPENCER,
U. S. Secretary of the Navy

Defendant.

No. **C17 5754** вНS

**COMPLAINT FOR DAMAGES
AND JURY DEMAND**

## I.   PRELIMINARY STATEMENT

This civil action is filed under Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. § 2000e seq., Equal Pay Act and 42 U.S.C. A § 2000e-5(f), the Civil Service Reform Act, 5 U.S.C. § 7703(b)(2) and the Rehabilitation Act, 29 U.S.C. § 701 seq by Preston S. Smith, Pro Se Plaintiff in the matter before the Court. Plaintiff was discriminated against based on race (African American); color (Black); Ethic Appearance (Dreadlocks); Disability (Disabled Veteran): Reprisal (protected activities); and opposition to unlawful discrimination when Mr. Smith was subjected to a "Hostile Work Environment" in Federal Employment. See Exhibit # 1

On August 25, 2017, a conference was held with Preston S. Smith, Pro Se Plaintiff, in "Good Faith" per 29 C.F.R. Part 1614 with Representative Ceu Alves, with EEOC Judge Terrie B. Brodie and Department of Defense-Department of the Navy-Puget Sound Naval Shipyard & Intermediate Maintenance Facility-Nuclear Facility Agency Representative Demaris J. Johanek. Mr. Smith was open to negotiation and tried to settle matter at the lowest level but was refused by Agency Representative Demaris J. Johanek, WSBA # 50597. EEOC Supervisor Administrative Judge Terrie B. Brodie, CSBA # 149223 documented, *"Settlement discussions will not be held at this time"* (Terrie Brodie 09/05/17). The Equal Employment Opportunity Commission ("EEOC") received a timely charge filed by Pro Se Plaintiff, Preston S. Smith on or about 09/15/2016 (charge number 16-4523A-03134), alleging that he had been discriminated against on the basis of his race, color, disability and retaliation by PSNS when he was denied assignment to San Diego, CA. Pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. ï½§ 2000e-5, Claims were accepted and **the EEOC investigated the charge, found reasonable cause to believe that the allegation of national origin discrimination was true, attempted unsuccessfully to achieve through conciliation a**

Complaint for Damages
and Jury Demand - 1

**voluntary resolution of the charge and subsequently referred the matter to the Equal Employment Opportunity Commission Hearing.** See Email Exhibit # 2

Pro Se Plaintiff Preston S. Smith is an African American and Disabled Veteran pursuing career development. Mr. Smith request reasonable accommodation as an individual with a disability under the ADA and The Rehabilitation Act of 1973.

Mr. Smith is employed by Department of Defense-Department of the Navy-Puget Sound Naval Shipyard & Intermediate Maintenance Facility-Nuclear Facility (will be addressed as PSNS from here on out). PSNS, Defendant Richard V. Spencer (previous Secretary of the Navy Sean J. Stackley and Secretary of the Navy Ray Mabus)'s employees: Commander Howard B. Markle; United States Congressional Liaison Richard L. Tift; Code 960 Nuclear Director Timothy J. Meeson; Supervisor Erin Cook; Tommy Culberton; Code 960 Christopher G. Williamson; Supervisor Erin R. Mollier; Ryan Price, Ray Howard; Stand-In Supervisor Jan Simpson discriminated, retaliated against, and created a Hostile Work Environment of Preston S. Smith, Pro Se Plaintiff (will be referred to as Mr. Smith) for protected activity.

Mr. Smith was originally interviewed by a Contracted EEO Counselor who did not have clearance under the Homeland Security Act of 2002. Mr. Smith was pressured by Contracted Counselor to divulge "Noforn's information" and but continued to refuse. It was at this time the Agency's Contracted EEO Counselor stated she had been doing this for years and was cleared to do so by Agency. Mr. Smith realized the Agency's Contracted EEO Counselor had no idea what "Noforn" was. Representative and Mr. Smith requested it be documented in the record. Until this date the record is missing.

### Background:

On 01/19/2016, Benton Hardin threatened to punch Mr. Smith in the face. Benton Hardin yelled endless expletive words at Mr. Smith if he didn't shut up. Reprisal (Retaliation) for participating in a protected activity of creating a Hostile work environment. I reported Benton Hardin (Caucasian Male) who threaten to physically assault me. Benton Hardin (Caucasian male) yelled, *"Shut the fuck up, before I come over and punch you in the fucking face!"* Mr. Smith, stated to Benton Hardin, *"No you are not going to do that, by saying that you are making this a hostile work environment and you need to worry about yourself and just do your job not worrying about other's while threatening me."* At that time Rachel Erickson, Code 900 Pipefitting Worker said, *"Ok, guys calm down."* For the rest of the work week I was looking over my shoulder expecting to be attacked at any moment. I asked that he be kept away from me. It is standard procedure that when someone threaten someone physically their Temporary Duty Station (aka TDY) is stopped and they are returned to the states. A physical attack on someone is also

Complaint for Damages
and Jury Demand - 2

sent back to the states. They did not send him back but change his schedule where he was rewarded with earning more money. Since, I complained about a hostile work environment my shop managers have treated me differently and unfairly. I did not do anything wrong it was Benton Hardin, but I was targeted when I returned. (Witnesses who gave "Statement of Facts" – was Rachael Erickson, Ross Stewart, Peter Cartwright, Jeremy Boggs and Rolland Mullins.

June 09, 2016, Travel Authorization # 1VDT0J was issued for Mr. Smith TDY's job assignment July 25th, 2016 to December 2, 2016 to San Diego, California with Authorized Alternate Driver Katie Kirkpatrick (Note: Unknown if Katie Kirkpatrick is a Relative of EEO Executive Director Kevin R. Kirkpatrick who is the 2nd Level Human Resource Manager-Reasonable Accommodation Officer-Injured Worker Officer Kevin R. Kirkpatrick.)

June 14, 2016, Mr. Smith signed form notifying Agency he would be bring family members with him since this would be a job assignment lasting more than approximate six (6) months.

June 30, 2016, Mr. Smith signed a rental agreement for household contents and rental agreement addendum for Mr. Smith's vehicle with William May, Manager of rented 10 x 30 x 11 storage unit from Affordable Self Storage – Silverdale located at 7979 Provost Rd NW, Silverdale, WA 98383 (360-698-1253) Receipt # 21008814 Total Payment $ 340.40.

July 12, 2016@8:28, Nikki of Madison Hospitality Temporary Housing/Long Term Lodging sent Mr. Smith blank "Reservation Agreement Form" for lodging for his family and self.

July 12, 2016@8:29, Nikki of Madison Hospitality Temporary Housing/Long Term Lodging sent Mr. Smith blank "Credit Card Authorization Form" for lodging for his family and self.

July 15, 2016, Mr. Smith made reservation for a U-Haul Contract No. 90445826.

July 17, 2016, Mr. Smith rented U-Haul Contract No. 90445654 for JH – 26 feet truck-JH 4311b-Plate: AD65583-State: AZ $76.72.

July 18,2016 @ 09:57, Mr. Smith faxed to Nikki of Madison Hospitality Temporary Housing/Long Term Lodging sent Mr. Smith completed "Credit Card Authorization Form" for lodging for his family and self. Was busy/no signal.

July 18,2016 @ 12:32, Mr. Smith faxed to Nikki of Madison Hospitality Temporary Housing/Long Term Lodging sent Mr. Smith completed "Reservation Agreement Form" for lodging for his family and self. Was busy/no signal.

Complaint for Damages
and Jury Demand - 3

July 18, 2016, Donna R. Park and Karen D. Wells validated Mr. smith was authorized full rate lodging for his TDY to San Diego.

July 20, 2016, Karen D. Wells verify with Nikki of Madison Hospitality Lodging that Mr. Smith would have 2 bedrooms for his TDY to San Diego.

July 20,2016, Mr. Smith filled out and submitted OPM Form 71 "Request for Leave or approved Absence" for 5 hours Accrued Sick Leave for 07/20/2016 (signed and approved by Supervisor).

July 20,2016, Mr. Smith filled out and submitted OPM Form 71 "Request for Leave or approved Absence" for 15 hours Accrued Annual Leave from 07/20/2016 to 07/22/2016 – traveling 7/22/2016 driving TDY moving out/Storage things into storage (signed and approved by Supervisor). Note: Mr. Smith was using his own accrued annual leave for the Agency.

July 21, 2016, Mr. Smith's TDY's job assignment were processed by Karen D. Wells created (***AMEND ON 07/21/2016-TRAVEL ORDERS TO BE CANCELLED), signed (*** PLEASE CANCEL) and Commercial Travel Office aka CTO Submitted Orders to Cancel Travel Orders. Note: this document for cancelation pasted through 29 plus hands without my knowledge of cancellation.

July 22, 2016, Mr. Smith became aware that Mr. Timothy Meeson, II, Code 300 Nuclear Director Pipe Shop-56/57 cancelled his TDY trip to San Diego, CA (abruptly) at the very last minute.

July 22, 2016, Mr. Smith's TDY was being processed notified that Timothy Meeson, II, Code 300 Nuclear Director Pipe Shop-56/57 cancelled his temporary assignment (TDY) trip to San Diego, CA.

July 22, 2016, Mr. Smith became ill and was told to go to the PSNS Dispensary. Mr. Smith had plenty of sick leave on the leave book. Other employees would just leave. Ongoing harassment and discriminatory treatment caused Mr. Smith to suffer from panic attacks and depression.

July 22, 2016, Mr. Smith was sent home by Medical Officer Medical Doctor M. MAKAOOTI, MD, MTM&H, CAPT. MC, USN, VA01011232164 after becoming at work.

July 23, 2016, Mr. Smith's Civilian Leave and Earnings Statement validate Mr. Smith had a Current Balance of Annual Leave: 166.80 hours.

July 23, 2016, Mr. Smith's Civilian Leave and Earnings Statement validate Mr. Smith had a Current Balance of Sick Leave: 57.00 hours.

Complaint for Damages
and Jury Demand - 4

July 23, 2016, Mr. Smith's Civilian Leave and Earnings Statement validate Mr. Smith had a Current Balance of Compensatory Leave: 3.00 hours.

July 23, 2016, Mr. Smith's Civilian Leave and Earnings Statement states Mr. Smith had a used Leave Without Pay (aka AWOL): 18.00 hours. ***Clearly Mr. Smith had a total of 226.80 hours on records and validated by LES.  Note as a form of retaliation Code 56/57 Managers charged Mr. Smith AWOL so he would not be able to go on his TDY's job assignment because Mr. Smith was a model employee and had no disciplinary marks on his record.

July 23, 2016, Mr. Smith's Civilian Leave and Earnings Statement states Mr. Smith had a used Leave Without Pay (aka AWOL): 18.00 hours. ***Clearly Mr. Smith had a total of 226.80 hours on records and validated by LES.  Note as a form of retaliation Code 56/57 Managers deliberately and with malice with this adverse action of retaliation took away 18 hours of pay from Mr. Smith (and Mr. Smith's wife and three minor children). Note this is the third time the Agency (1st cancellation of TDY's trip which would have been increase in pay and 2nd when he lost money for preparation of TDY's trip) has taken the ability of Mr. Smith to provide for his family (wife and three children under seven years of age).

July 25, 2016, Mr. Smith was scheduled to leave Bremerton, Washington for TDY to San Diego, CA reference # JO # 38RTA-89711-S01-56 to perform "UPKEEP/MAINTENACE FOR USS ROOSEVELTRNR Locator: INCREU.

July 25, 2016, Mr. Smith was scheduled to arrive at location for job assignment in San Diego, CA reference # JO # 38RTA-89711-S01-56 to perform "UPKEEP/MAINTENANCE FOR USS ROOSEVELTRNR Locator: INCREU.

July 25, 2016, Mr. Smith had no knowledge when met with Ray Howard, Erin Mollier, Code 900 Pre-Fab Supervisor, and Shop Union Stewart Darnell J. James-Gullette sat down for a meeting it would be for a pre-action of unknown reasons. Ray Howard admitted in the meeting that there was missed communications. Also, Jan was not adequately trained as a supervisor.

July 25, 2016, Ray Howard, Erin Mollier, Code 900 Pre-Fab Supervisor refused to meet with Mr. Smith and allow him to respond to allegation of being absent without leave (aka AWOL).

July 25, 2016, Ray Howard, Erin Mollier "preaction" with Mr. Smith and Darnell J. James-Gullett to respond to allegation of being absent without leave (aka AWOL).

July 25, 2016 @ 2336, Mr. Smith due to work related stress was seen in the Emergency Department of Tricare Regional Naval Hospital Bremerton due to work related stress, anxiety and panic attack by Ronda J. Annicelli, MD.

Complaint for Damages
and Jury Demand - 5

July 25, 2016 @ 2336, Mr. Smith was released from Tricare Regional Naval Hospital Bremerton due to work related stress, anxiety and panic attack.

July 25, 2016, Gabrielle Riggs informed Mr. Smith that his Rent would increase $100.00, Mr. Smith would have to sign a 1-year lease extension and would be charged $100.00 for advertising fee to be able to stay in the apartment he had moved out for the TDY trip to San Diego, CA. Mr. Smith had to no choice but to do this because Mr. Smith's had a wife and three minor children under the age of seven years old and was now consider "Homeless" with nowhere to go or live. Mr. Smith had turned in a "vacate letter" to the property manager because of schedule TDY trip to San Diego, CA.

July 25, 2016, Mr. Smith emailed Tim Meeson regarding the graved status of his family's current circumstances. Mr. Smith had rented a U-Haul, rented a storage unit for home's content and had turned a vacate letter. Mr. Smith was "distraught" and was reaching out to managers.

July 26, 2016, Mr. Smith filled out and submitted OPM FORM 71 "Request for Leave or Approved Absence" for 8 hours of Accrued Sick Leave due to illness acquired during working hours for 07/15/2016. (No supervisor to sign form.)

July 26, 2016, Bremerton Metal Trade Union Steward for Shop 56 Darnell J. James-Gullette sent email to Timothy J. Meeson, II, Chris Williamson and to Mr. Smith. Mr. James-Gullette stated, *"Hello and GoodDay To All, Mr. Smith Has information You May Not privy to. As part Your investigation. We are wanting a meeting as soon as possible. Please respond."*

July 26, 2016, Mr. Smith filled out and submitted OPM FORM 71 "Request for Leave or Approved Absence" for 1.5 hours of Accrued Sick Leave due to illness acquired during working hours for 07/15/2016. (No supervisor to sign form.)

July 26, 2016, Mr. Smith filled out and submitted OPM FORM 71 "Request for Leave or Approved Absence" for 8 hours of Accrued Sick Leave due to illness acquired during working hours for 07/19/2016. (No supervisor to sign form.)

July 26, 2016@09:00 a.m. Timothy Meeson, II, Code 300 Nuclear Director Pipe Shop-56/57 and Chris G. Williamson, Code 960 Superintendent scheduled a Bremerton Metal Trade Union's meeting with Darnell J. James-Gullett and Mr. Smith. I was not allowed to defense myself against a pre-action for allegations of Absence Without Leave (aka AWOL). Because the two White managers (who scheduled the meeting) didn't want to have a meeting with two Union Steward Representatives and Mr. Smith (three Black Men). The White males referred to Mr. Smith **"Dreadlocks"** and being on Public Assistant (welfare). **Mr. Smith chosen hair style is of African's decent. Mr. Smith dental appearance consist of**

Complaint for Damages
and Jury Demand - 6

**a single gold tooth.** Stand in Supervisor Jan Simpson (Caucasian Male) did not know the call-in requirements and failed to inform me when I tried to call in when stand in Jan was the shop person standing in for Erin Mollier, Code 900 Pre-Fab Supervisor (who also failed to trained Jan how to perform the responsibilities of the stand-in). I hadn't been given Jan's phone number and had no way of contacting Jan to call in. On one of the date in questioned I came into work sick just to contact someone (trying to handle it at the lowest level). For the stated meeting, I did attend to with two union representatives. When we arrive the three of us walked through the door of the room. Immediately the two males in the room got up and stated the meeting was not going to happened. I tried to speak but was shut down quickly. As the two managers was leaving one tried to speak with Chief Union Steward Darnell J. James-Gullett but he stated the meeting was not going to happened. I tried to speak but was shut down quickly. As the two managers were both Caucasian Males. I did not get a chance to challenge the allegations made against me. I was found guilty by the white managers and not allowed to plead my case. Code 960 (S/56-57) Nuclear Director Timothy J. Meeson, II (Caucasian Male) cancelled my TDY trip out of malice and to show me that he had the power to do so. I had been planning to move my fairly for almost two months Code 960 (S/56-57) Nuclear Director Timothy J. Meeson, II cancelled without "just cause" it was only because I was black and he was retaliating against me for the past incident of protected activity and the Union meeting. Goes against the Agency's training as added below.

The **Shop 56 Superintendent** started stalking Mr. Smith. Mr. Smith experience ongoing micro managing from work leaders, supervisors, general foreman and Shop Superintendent. The ongoing harassment against Mr. Smith was because he was complaining about employment treatment being difference for himself and white male caused a hostile work environment. The continued forcing of the grievance process on Mr. Smith trying to perform an unsupported pre-action which was not an investigation but an attempt to coerce Mr. Smith from retaining and filing an Equal Employment Opportunity Complaint with an Non-Federal Representative.

Mr. Smith had a clean personnel record with no pre-action or disciplinary action. Mr. Smith was under severe emotional and mental stress brought on by Code 960 (S/56-57) Nuclear Director Timothy J. Meeson, II cancelling my TDY trip after I had given my landlord a vacate notice. Mr. Smith had rented a U-Haul for moving, rented storage facilities and packed up my family of a one (1) year old infant, a four (4) years old toddler, a six (6) years old preschooler and my wife. Code 960 (S56-57) Nuclear Director Timothy J. Meeson, II waited until his family and Mr. Smith was homeless and did not have a place to stay. Meeson had someone notified me he had cancelled my TDY trip to San Diego, CA. Which was cancelled on July 21st, 2016 without good cause. But did not inform me until July 22, 2016. This was an DOD-DON-Puget Sound Naval Shipyard & IMF -4523A- Nuclear Facility's High Official Manager causing great harm not just to me a "Disabled Military Veteran" but to my wife and three babies who were homeless. Harassing me every day was not enough

Complaint for Damages
and Jury Demand - 7

for Shop 56 Managers. They wanted to send me a message to never complain about a "Hostile Work Environment" ever again. Code 960 (S/56-57) Nuclear Director Timothy J. Meeson, II had caused me and my family to be in Financial Hardship and Emotionally Wrecked.

July 26,2016, Mr. Smith filled out and submitted OPM Form 71 "Request for Leave or approved Absence" for 1.5 hours Compensatory Time Off – leave. (Signed and approved by supervisor.)

July 27, 2016, Mr. Smith became ill at work but once again had to send out an email because Mr. smith could not reach his current "Supervisor" Erin Mollier, Code 900 Pre-Fab Supervisor to notify he had to go to the dispensary. Email was sent to Raymond R. Howard, Erin R. Mollier and Darnell J. James-Gullette.

July 27, 2016, Mr. Smith became ill and requested to go to the PSNS Dispensary.

July 27, 2016, Mr. Smith was sent home by Medical Officer Occupational Medicine Bruce Christen, MD MPH after becoming ill at work.

August 02, 2016, Ryan Price called Mr. Smith representative and was informed Mr. Smith had engaged in EEO activity. Mr. Price went on to still violate Mr. Smith's rights and contact a Union Steward without Mr. Smith's consent.

August 2, 2016, Mr. Smith, a non-mechanic/helper was assigned to a job assignment alone, when other coworkers (mechanic and helpers/apprentice) are assigned in group of two or more the standard practice.

August 3, 2016, Mr. Smith was threatened with disciplinary actions from Ryan Price when he refused to meet with management without his representative. It is Mr. Smith's decision to request or meet with a Union Stewart not managers. It is Mr. Smith's decision to "retain representation of his choice" not the Agency's managers.

August 03, 2016, Mr. Smith filed an Informal Equal Employment Opportunity Complaint against the PSNS's Agency.

August 17, 2016, Mr. Smith endured more of management's threats and harassment Ryan Price lied to BMTC President Sam King over the phone when he told him I requested a Union Steward since Darnell J. James-Gullette was not available. Mr. Smith never requested anyone and had no idea of the meeting and Mr. Smith already had a representative of choice.

August 18, 2016, Mr. Smith went to work on Monday "no supervisor" there.

Complaint for Damages
and Jury Demand - 8

August 30, 2016, Mr. Smith received "Notice of Final Interview/Right to file a Formal Discrimination Complaint – Don Docket 16-4523a-03134."

September 13, 2016, Mr. Smith submitted Formal EEO Complaint Docket No. 16-4523A-03134.

October 19, 2016, Mr. Smith received "Notice of Acknowledgement of claims Forward for Investigation for Mr. Preston S. Smith v. Mr. Ray Mabus, Secretary of the Navy, don Docket No. 16-4523a-03134."

## II.    JURISDICTION, VENUE, AUTHORIZATION OF CLAIMS, AND COMPLIANCE WITH ADMINISTRATIVE PREREQUISITES

2.1 This court has jurisdiction over Mr. Smith's claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights actions).

2.2 Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b) (district Mr. Smith claim arose).

2.3 Mr. Smith's claims for violations of Mr. Smith federal statutory rights are authorized by 42 U.S.C. § 2000e et seq. (Title VII) and 42 U.S.C. § 1981a (1991 amendments, Section 102 of Act).

2.4 This Court has jurisdiction of the action under 42 U.S.C. ï½§ 2000e-5(f) and 28 U.S.C. § 1345.

2.5 The defendant, Department of Defense-Department of the Navy-Puget Sound Naval Shipyard & Intermediate Maintenance Facility-Nuclear Facility (will be addressed as PSNS, is a governmental body created pursuant to the laws of the State of Washington.

2.6 The defendant, Department of Defense-Department of the Navy-Puget Sound Naval Shipyard & Intermediate Maintenance Facility-Nuclear Facility (will be addressed as PSNS is within the meaning of 42 U.S.C. ï½§ 2000e(a) and an employer within the meaning of 42 U.S.C. ï½§ 2000e(b).

## III.    PARTIES

3.1 Pro Se Plaintiff Preston S. Smith is a resident of Kitsap County, Washington. Mr. Smith has been employed by the U.S. Department of the Navy (Mr. Smith in after "the Navy") since on or about August 13, 2013.

3.2 Richard V. Spencer, Secretary of the Navy. As an employer of the Federal Government, the defendant is empowered to prescribe regulations for the

Complaint for Damages
and Jury Demand - 9

operation of the Department of Judicial and the conduct of its employees, and is subject to the anti-discrimination provisions of Title VII of the Civil Rights Act of 1964, as amended.

## IV   FACTS RELEVANT TO PLAINTIFF'S CLAIMS FOR RELIEF

4.1  Mr. Smith re-alleges and incorporates Mr. Smith in the allegations contained in Sections I through III, including all subparagraphs.

4.2  In or about August 13, 2013 the U.S. Department of the Navy hired Mr. Smith.

4.3  Mr. Smith is a Nuclear Test Pipefitter, WG 05 03, Puget Sound Naval Shipyard and Intermediate Maintenance Facility (PSNS-IMF), Bremerton, Washington, during the relevant time.

4.4   Mr. Smith Temporary Duty Station – Assignment of Duty aka TDY to San Diego was cancelled July 20, 2016.  First offense I receive max punishment. Was on 14 days suspension with out pay and with out benefits October 17.  Management knew my family was traveling with me. Management knew that I moved out and put all our personal belongings in storage.

## V.   PLAINTIFF'S CLAIMS

Mr. Smith re-alleges and incorporates Mr. Smith in the allegations contained in Sections I through IV, including all subparagraphs.

5.1 The Defendant's disparate treatment of Mr. Smith is motivated by his race, color, ethic appearances and in retaliation for his prior protected activities.

5.2 The Defendant's disparate treatment of Mr. Smith is an adverse action that materially affects the terms and conditions and/or privileges of his employment and his ability to care for his family.

5.3 The Defendant has discriminated against Mr. Smith on the basis of race in violation of Title VI of the Civil Rights Act of 1964.

5.4 The Defendant has discriminated against Mr. Smith based on color in violation of Violation of the Title VII Civil Right Acts of 1964 – Ex Parte Communications/coercion/threats, as amended in 1991.

5.5 The Defendant has discriminated against Mr. Smith on the basis in violation of The Rehabilitation Act of 1973.

5.6 The Defendant has discriminated against Mr. Smith on the basis of mental disability in violation Titles I and V of The American with Disability 2008 (ADA).

Complaint for Damages
and Jury Demand - 10

5.7 The Defendant has retaliated against Mr. Smith on the basis of violation of the Federal Employee Antidiscrimination Act of 2015.

5.8 The Defendant has discriminated against Mr. Smith on the basis of violation of the Title 29 CFR 1614.

5.9 The Defendant has discriminated against Mr. Smith on the basis of violation of the Federal Employee Antidiscrimination Act of 2015.

5.10    The Defendant has discriminated against Mr. Smith on the basis of violation of the Ex-Parte Clause of the EEOC Md-110/Federal Laws.

5.11    The Defendant has discriminated against Mr. Smith on the basis of violation of the Privacy Act of 1974.

5.12    The Defendant has retaliated against Mr. Smith on the basis of violation of the No Fear Act of 2002.

5.13    The Defendant has retaliated against Mr. Smith because of his protected activity discrimination in violation of 4th Amendment.

5.14    The Defendant has retaliated against Mr. Smith because of his protected activity by imposing an Excessive financial burden due to no income or employment benefits to process Mr. Smith EEO complaint - discrimination in violation of 8th Amendment.

5.15    Pro Se Plaintiff, Preston S. Smith, alleges:

The defendant has subjected Pro Se Plaintiff, Preston S. Smith, an African American married to a Native-American with three African American-Native American children under the age of 6, to discrimination on the basis of national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. ï½§ 2000e-2(a), among other ways, by:

(a) Failing or refusing to assign Pro Se Plaintiff, Preston S. Smith for TDY to San Diego, CA July 25, 2016 to December 02, 2016, and to pay him accordingly; and

(b) Failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment of Pro Se Plaintiff, Preston S. Smith.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Preston S. Smith prays that the Court award him:
   a. A retroactive pay for cancelled TDY's assignment, with all back pay, benefits, and other emolument of employment.

Complaint for Damages
and Jury Demand - 11

b. The sum of $300,000.00 in compensatory damages suffered because of the discrimination and retaliation.

c. Reimbursement for all expenses for preparation for TDY's job assignment readiness.

d. Reimbursement of all annual leave used for preparation for TDY's job assignment.

e. Punitive damages for emotional and mental pain suffered by me in worrying how I was going to feed and shelter my wife.

f. Punitive damages for emotional and mental pain suffered by me in worrying how I was going to feed and shelter my 6 years old minor child.

g. Punitive damages for emotional and mental pain suffered by me in worrying how I was going to feed and shelter my 4 years old minor child.

h. Punitive damages for emotional and mental pain suffered by me in worrying how I was going to feed and shelter my 1-year old minor child.

i. Award Mr. Smith all the damages to which he is entitled, including but not limited to, all special, general, compensatory, and/or Mr. Smith damages pursuant to 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981a, and as Mr. Smith authorized by law.

j. Award Mr. Smith all the costs of litigation and his reasonable attorney fees (if retained) and costs pursuant to 42 U.S.C. § 1988 and as Mr. Smith authorized by law.

k. Award Mr. Smith pre-litigation interest, in an amount to be proved at trial.

l. Award Mr. Smith post-litigation interest on his judgment.

m. Award Mr. Smith punitive damages in an amount to be proven at trial.

n. Grant such other and further relief as the Court deems just and proper under the circumstances.

o. Enter an order enjoining the defendant from failing or refusing to provide remedial relief sufficient to make whole the charging party, Pro Se Plaintiff, Preston S. Smith, for the individual loss he has suffered as a result of the discrimination against him as alleged in this Complaint; and

p. Award compensatory damages to Pro Se Plaintiff, Preston S. Smith to fully compensate him for injuries caused by Agency's discriminatory conduct, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. ï½§ 1981a.

q. Take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

The Employer Employees intentionally inflicted emotional distress on Plaintiff and family by cancelling our get away with the family and re building our relationship. Kids planned out events they would love to see while being there all kids theme and water parks. Visiting all historical parks and museums because

Complaint for Damages
and Jury Demand - 12

we home school. Family Road trip learning and singing songs. Experiencing traffic jams, mountains, bridges, and red wood forest.

All in an outrageous manner, which resulted in substantial mental and emotional injuries to the Plaintiff, his wife and three children.

## JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42U.S.C. ï½§1981a.

On this 19th day of September, 2017.

Preston S. Smith (Pro Se Plaintiff)
SW 204 Moorea Ln
Port Orchard, WA 98366
Telephone: (206) 679-0270
Email: psmith0079@yahoo.com

Complaint for Damages
and Jury Demand - 13

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is the over the age of 18 yrs., can legally serve document, and lives in the State of Washington and is the Plaintiff - Pro Se of the case stated CASE:

On the below stated date he filed the foregoing document (s) with the Clerk of Court. Plaintiff will send copy of such filing to the attorneys of as follows:

On this 20th day of September, 2017.

Preston S. Smith (Pro Se Plaintiff)
SW 204 Moorea Ln
Port Orchard, WA 98366
Telephone: (206) 679-0270
Email: psmith0079@yahoo.com

Complaint for Damages
and Jury Demand - 14

# EXHIBIT 1

## Smith, Preston S CIV PSNS&IMF, C900 Shop 56

| | |
|---|---|
| **From:** | Smith, Preston S CIV PSNS&IMF, C900 Shop 56 |
| **Sent:** | Monday, July 25, 2016 15:07 |
| **To:** | Meeson, Timothy J II CIV PSNS, C/300 |
| **Subject:** | Time Off? Cancelled Trip. |
| **Signed By:** | preston.smith@navy.mil |

To Mr. Tim

Me and my wife and three kids 6, 4, and 1 had been preparing for this long TDY trip down to San Diego for this past month and a half. On July 22nd 2016 you canceled the trip. I turned in a notice to vacate to my property manager and that I would be moving out and driving to San Diego for work. I rented a storage unit to store everything from my house into while me and the family were away $340.40 a month. I rented a U-Haul to 7/16/2016 to move majority everything into storage for $76.72. I reserved a second U-Haul for 7/21/2016 to move the last of my things. I also had a reservation for an enclosed 4'x8' trailer pick up 7/22/2016 to load my luggage's and personal belongings into. Since my traveling has been cancelled at the very last minute because of miscommunication on my upper management, I'm place in a financial hardship. I'll have to pay my property management $100-$300 for the advertisement they posted of the property and sign a new lease with rent going up to $1400. I'll have to pay for next month storage unit fee $340.00 at the end of this week to cover next month. I have to figure out my living situation and move everything back in and un pack and unbox. I'll need more time off from the shipyard to get my family living situation back in order how it was before I knew I was going to San Diego for TDY. I have 4 business days before next month and I'll be charged. You told me my trip is cancelled due to investigation and disciplinary action.

On July 25, 2016 at 0900 Ray Howard, Erin Moller, and the shop Union Stewart James sat down for a Pre Action. During the pre-action 5 questions were asked. How long have I worked in PSNS? August 12,2013. What time is the normal beginning and ending of the shift?0720-1602 and 1120-1202 is lunch if on 8 hour shifts. How do I report absences or request time off? To my immediate supervisor or the stand in supervisor. On 7/15/16, did I follow that process? No I didn't, because I didn't feel well. Did I follow that process 7/18, 7/19, and 7/20? 7/18 I came into work an hour and half late not having a contact number to reach my supervisor at to let know I'll be running late. Jan was the fill in supervisor for Erin so I checked in with him once I got in an told him I apologize for running late and do he have a contact number since he's standing in so I can contact him. He wrote down his number gave it to me and I went about my normal workday. I had medical at the dispensary after lunch. 7/19 I woke up late 1055 and I called Jan once I woke up to let him know I'm not going to make it today. 7/20 body still going through the motion of not feeling well when I woke up I came into work at 1245 after lunch. I submitted my sick leave of absence for that morning I missed out on. After the pre action Ray Howard said that there was miss communication on upper management behalf on my absence. I own up to my mistake on not calling in 7/15 and also not calling in before a certain time 7/19 I wasn't aware of the actual time to call in before until now 7/25/16. I'm not deliberate not showing up for work nor I'm making any excuses for my actions.

V/R

Preston Smith

Initials: *PSS*

Page __I__ Of__I__

1

# EXHIBIT 2

**From:** scunni03@uw.edu
**Sent:** Wednesday, September 13, 2017 10:47 AM
**To:** TERRIE BRODIE; Demaris.johanek@navy.mil
**Cc:** Preston Smith
**Subject:** Preston Smith (PSNS & IMF)


For clarification purpose:


To Whom It May Concern, Preston Smith decided to transfer his EEO complaint to District Court and he will be filing in court shortly. Mr. Smith and representative had a conference with EEOC judge Terrie Brodie and Agency attorney Ms. Demaris on Aug. 25, 2017, and during EEOC conference Ms. Smith and representation expressed the desire to negotiate "in good faith." The agency refused to negotiate and it was supported by EEOC Supervisory Judge Terrie Brodie with the statement, "The agency has the rights to refuse to negotiate!" As Mr. Preston's representative, I requested from EEOC supervisory Judge Terrie Brodie to be recorded that Complainant and representation were open to negotiate "in good faith," which was refused by the agency. Document received from Terrie Brodie on Sep. 5, 2017 doesn't show that Mr. Preston Smith and representation has expressed desire to negotiate "in good faith" which was refused by the agency counsel Ms. Demaris. Suprevisory Judge Terrie Brodie document stated, *"Settlement discussions will not be held at this time"* (Terrie Brodie 09/05/17).

EEOC was created to solve EEO complaints at the lowest level as possible. Mr. Preston's EEO complaint has passed the 180 days timeline reserved to the agency. Therefore, Mr. Preston has the right to file his EEO complaint at District Court, and he will do so as immediately.


On Sep. 7, 2017 at 2:01pm, I received a request for deposition from Ms. Demaris with an established date for an answer, which was stated by the agency counsel as Sep. 15, 2017. Exibit is provided below. TODAY Sep. 13, 2017 Ms. Demaris called me to threatened Mr. Preston with a motion to Compel. Ms. Demaris was informed that Discovery due date is 90 days from now, and her request for deposition was dated as Sep. 15, 2017, which is not due until Sep. 15, 2017 at 11:59pm. I received a phone call from Mr. Demaris at 7:47am on phone number (253)231-7689.


I would like to request from Ms. Demaris to cease & desist with threatening phone calls and to resume any/every and all communication through email "including EEOC Judge Terrie Brodie" on the communication. Mr. Preston is a Navy disabled veteran and he is pursuing his rights under the Civil Rights of 1964, and therefore, we are requesting for safe harbor to process his EEO complaint peacefully.


Initials: *PSS*
Page ___1___ Of __3__

We did not receive a request for production from the agency or acknowledgement of Discovery initiating. We are providing the court with the email received from agency counsel Ms. Demaris. In the light of refusal to negotiate "in good faith," and threatening phone call received today at 7:47am from the agency, Mr. Preston has decided to transfer his case to district court, on the pursue for safer environment for himself as an African American, and as a Navy disabled veteran pursuing a career within Navy shipyard PSNS & IMF in Bremerton – WA.

I don't see Ms. Demaris WSBA BAR number! Let it be recorded that WSBA lawyers are being introduced by the agency, and they are practicing law in Washington State without introducing their licenses.

Ceu Alves (Assigned Representative)

Civil Rights Activist

halloceu@icloud.com

scunni03@uw.edu

(253) 355-2951

## **Email received from agency counsel Ms. Demaris**

*"Ms. Alves:*

*I intend to notice Mr. Smith of the Agency's intent to take his deposition.*

*In order to facilitate this process, please provide your and Mr. Smith's preferred date for the deposition. The potential dates are 25 or 26 October 2017 or 1, 2, 3 November 2017.*

*Please coordinate with Mr. Smith and provide your unavailable dates no later than* **15 September 2017***.*

*Regards,*

*Ms. Demaris J. Johanek*

*Assistant Counsel*

Initials: *PSS*
Page __2__ Of __3__

*Puget Sound Naval Shipyard & Intermediate Maintenance Facility*

*Legal Office, Code 107*

*Phone: 360-476-6597*

*demaris.johanek@navy.mil"*

**Knowledge is Power**

Initials: PSS
Page __3__ Of __3__